**WO** LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler Davis Newsome, | No. CV 05-2612-PHX-DGC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

    This is a civil rights action filed by a county jail inmate. Plaintiff has failed to submit an address change. The Court will therefore dismiss this action for failure to prosecute.

**A.**    **Procedural History.**

    When Plaintiff filed his Complaint in August 2005, he listed the Durango Jail as his address. The instructions accompanying the form complaint informed him that he must "immediately notify the clerk . . . in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case." Information and Instructions for a Prisoner Filing Civil Rights Complaint at 2, ¶ H. After he filed his action, Plaintiff was immediately sent a Notice informing him that he must keep the Court apprised of any change in address. See Dkt. #2. Not long thereafter, the Notice was returned with the notation that the mail was undeliverable. The envelope was marked "released" and a box was checked for "no longer in custody."

See Dkt. #3. Since that time, more than a month has elapsed, and Plaintiff has not yet submitted an updated address.

**B.      Failure to prosecute.**

The Court has no affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*). If the Court were to show cause Plaintiff why dismissal were not warranted, the Order "would only find itself taking a round trip tour through the United States mail." Id.

The Court is also not required to hold the matter in abeyance in hopes that an address change will be forthcoming. "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Carey, 856 F.2d at 1441. Because Plaintiff has failed to prosecute this action, see FED. R. CIV. P. 41(b), the Court will dismiss his action without prejudice.

**IT IS THEREFORE ORDERED** that the Complaint and this action are **dismissed** without prejudice. The Clerk of Court is directed to enter judgment accordingly.

DATED this 20th day of October, 2005.

_____
David G. Campbell
United States District Judge